IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00019-MSK-MEH

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CEMEX, INC.,

      Defendant.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on July 24, 2009.**

      The Joint Motion to Revise Scheduling Order [filed July 22, 2009; docket #47] is **granted in part** and **denied without prejudice in part**. The Motion is granted in part to the extent it requests rescheduling the Settlement Conference, as further described below. The Motion is denied without prejudice regarding the remaining requests. The deadlines set at the Scheduling Conference held April 6, 2009, now apply to all aspects of this case, due to the timing of the Final Pretrial Conference. In the event the parties are able to reschedule the Final Pretrial Conference, the Court may revisit the issue of rescheduling this case.

      The Settlement Conference set for August 25, 2009, is **vacated** and **rescheduled** to Friday, **October 23, 2009, at 10 a.m.** in Courtroom 203 on the second floor of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

      Counsel shall have all parties present, including, but not limited to, an adjustor if an insurance company is involved, who shall have full authority to negotiate all terms and demands presented by the case, and full authority to enter into a settlement agreement. "Full authority" means that the person who attends the settlement conference has the complete and unfettered capacity and authority to meet or pay all terms or amounts which are demanded or sought by the other side of the case without consulting with some other person, committee or agency. If any person has limits upon the extent or amount within which he or she is authorized to settle on behalf of a party, that person does not have "full authority." **This requirement is not fulfilled by the presence of counsel or an insurance adjustor alone**.

      In exceptional circumstances only, the appearance or insurance representative by telephone may be approved in advance of the conference. Any party seeking such relief should file the appropriate motion with the Court.

No person is ever required to settle a case on any particular terms or amounts. However, if any person attends the settlement conference without full authority, or if a party or insurance representative fails to attend the settlement conference without prior Court approval, and the case fails to settle, that party may be ordered to pay the attorney's fees and costs for the other side. Furthermore, if, prior to the conference, one or both parties believe that the matter may not be ripe for negotiations, the parties may contact Chambers to obtain a more convenient date.

So that we may hold productive settlement discussions on the day of the conference, **counsel shall prepare and submit <u>two</u> settlement documents**: one to be submitted to the other party or parties, and the other to be submitted by email only to the Magistrate Judge.

The document(s) which are presented to opposing counsel shall contain an overview of the case from the presenter's point of view, shall summarize the evidence which supports that side's claims, and may present a demand or offer. These documents should be intended to persuade the opposing clients and counsel.

The second document shall be emailed to the Magistrate Judge (<u>not</u> submitted for filing to the court) at *Hegarty_Chambers@cod.uscourts.gov*. This document shall contain the content or copies of the first document along with any confidential comments the party or counsel wishes to make, including any comments with regard to perceived weaknesses in the case and any comments which would be helpful to the Magistrate Judge in assisting the parties to negotiate a settlement.

The settlement documents shall be submitted **no later than five business days** prior to the date of the settlement conference. Statements and exhibits consisting of more than 30 pages are to be submitted to Chambers in hard copy via regular mail or hand delivery.

Please remember that anyone seeking entry into the Byron G. Rogers United States Courthouse will be required to show a valid photo identification. <u>See</u> D.C. Colo. LCivR 83.2B.