# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00019-MSK-MEH

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

CEMEX, INC.,

        Defendant,
_____

**STIPULATED AGREEMENT AND CONFIDENTIALITY ORDER REGARDING SETTLEMENT NEGOTIATIONS**
_____

WHEREAS, the United States and CEMEX, Inc. (hereinafter the "Parties") wish to engage in settlement negotiations of the claims in this action (hereinafter, "Subject Claims");

WHEREAS, the Parties recognize that meaningful settlement negotiations will require exchanges of information and opinions, offers of settlement or compromise, and other communications between them; and

WHEREAS, the Parties agree that maintaining the confidentiality of Settlement Communications (as defined herein) would generally facilitate the free exchange of information and enhance the likelihood of successful negotiations.

ACCORDINGLY, the Parties wish to provide for the confidentiality of Settlement Communications through this Stipulated Agreement and Confidentiality Order (hereinafter, "Stipulated Order").

NOW THEREFORE, the Parties do hereby stipulate and agree, and the Court, for good cause appearing, pursuant to its inherent authority, Fed. R. Civ. P 26(c) and Fed. R. Evid. 502, does hereby ORDER as follows:

1. For purposes of this Stipulated Order "Settlement Communications" means: (a) oral settlement discussions between the Parties concerning the Subject Claims that take place after the Effective Date of this Stipulated Order and (b) materials in written or electronic form that are: (i) prepared for purposes of settlement negotiations with respect to the Subject Claims, (ii) exchanged by and between the Parties in settlement negotiations with respect to the Subject Claims after the Effective Date of this Stipulated Order, and (iii) labeled in accordance with Paragraph 2, infra;

2. All written or electronic materials that a Party wishes to have treated as Settlement Communications under this Stipulated Order shall be conspicuously labeled "Settlement Communication - Subject to Confidentiality Order" at the time of the exchange; provided however, that the other Party may dispute, either at the time of designation or later, that the written or electronic material is a Settlement Communication within the meaning of this Stipulated Order;

3. Any trade secrets or commercial or financial information provided to the United States by CEMEX, Inc. that CEMEX, Inc. wishes to protect as confidential business information shall be provided and managed in accordance with 40 C.F.R. Part 2. To the extent that such information is also claimed as a Settlement Communication pursuant to this Stipulated Order, such information shall also be handled in accordance with this Stipulated Order;

4. Except as otherwise provided in this Stipulated Order, the Party receiving Settlement Communications under this Stipulated Order shall keep them confidential and not disclose them to persons or entities not a Party to this Stipulated Order. The Parties shall take all necessary and appropriate measures to maintain the confidentiality of Settlement Communications and to retain written or electronic material in a secure manner;

5. A representative of a Party who obtains Settlement Communications under this Stipulated Order may share such information with those attorneys or employees of the receiving Party who in the opinion of such Party are responsible for these settlement negotiations or for whom such information relates to their official duties, provided that any person with whom such information is shared under this Paragraph shall be specifically made aware of this Stipulated Order. A representative of a Party who obtains Settlement Communications under this Stipulated Order also may share such information with those consultants and experts of the Party who are assisting in the negotiations and who, in the opinion of such Party, require access, provided that any person with whom such information is shared is specifically made aware of, and, prior to receiving the information, agrees in writing to be bound by, the provisions of this Stipulated Order as if he/she were a Party;

6. Nothing in this Stipulated Order shall limit the authority of any Party to release information to any person or waive any claim of privilege with respect to any Settlement Communication which does not discuss, refer to, or reveal the substance of these negotiations and of which that Party is the sole originator. Any Settlement Communication subject to this Stipulated Order may be disclosed to a third party when the provider of the Settlement Communication has given express written permission prior to such disclosure;

7. Information otherwise admissible or discoverable or subject to subpoena in any proceeding shall not be rendered inadmissible or non-discoverable or not subject to subpoena because of its use in settlement negotiations in this case. Further, this Stipulated Order shall not prohibit the disclosure of oral communications or written or electronic material already lawfully in the public domain, or developed or existing independent of the Parties' negotiations of the Subject Claims;

8. In the event a Party receives a subpoena, court order, or, in the case of the United States, a FOIA request for Settlement Communications, such Party shall notify the other Party as soon as possible of the request and of that Party's proposed response;

9. Pursuant to Fed. R. Evid. 502, the sharing of Settlement Communications by and between the Parties shall not result in a waiver of any attorney-client privilege or attorney work product protection applicable to the Settlement Communication prior to its exchange with the other Party under this Stipulated Order. Further, any unauthorized disclosure of Settlement Communications under this Stipulated Order shall not result in a waiver of any attorney-client privilege or attorney work product protection applicable to the Settlement Communication prior to its exchange with the other Party and unauthorized disclosure;

10. This Stipulated Order extends to and includes the confidentiality and/or admissibility of materials, information and communications prepared by or exchanged between the Parties in settlement negotiations held prior to entry of this Stipulated Order;

11. Nothing in this Stipulated Order limits the full application of Fed. R. Evid. 408 to Settlement Communications;

12. Nothing in this Stipulated Order limits the right of the United States to take any action to enforce the laws of the United States or to protect public health, safety, welfare or the environment. Further, nothing in this Stipulated Order limits the United States from complying with the requirements or established government policies of public participation regarding settlement agreements;

13. Either Party may terminate settlement negotiations at any time, and may apply to this Court to terminate this Order; provided, however, that a Party shall notify the other Party in writing of its intention to make application to the court to terminate this Stipulated Order at least

five (5) days in advance of making application; and provided further, that the confidentiality and notice obligations imposed under this Stipulated Order shall remain in full force and effect, without regard to whether this Stipulated Order has been terminated, with respect to all Settlement Communications made or exchanged prior to the date of termination;

14.   This Stipulated Order shall remain in effect upon the conclusion of these proceedings; and

15.   The undersigned representative of each Party certifies that he or she is authorized to enter into this Stipulated Order and to execute for and bind the Party whom he or she represents.

Dated: October 14, 2009.

| | |
|---|---|
| *s/John Mosacto* | *s/Chet Thompson* |
| Attorney for Plaintiff United States of America | Attorney for Defendant, CEMEX, Inc. |
| John N. Moscato, Senior Counsel | Chet Thompson |
| United States Department of Justice | Crowell & Moring, LLP |
| Environmental Enforcement Section | 1001 Pennsylvania Ave., N.W. |
| 1961 Stout Street, Suite 800 | Washington, D.C. 20004 |
| Denver, CO 80294 | Telephone: 202-624-2655 |
| Telephone: (303) 844-1380 | Email: thompson@crowell.com |
| Email: john.moscato@usdoj.gov | |

**IT IS SO ORDERED**.

Dated at Denver, Colorado, this 16th day of October, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge