IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00019-MSK-MEH

UNITED STATES OF AMERICA,

     Plaintiff,

v.

CEMEX, INC.,

     Defendant.

---

**ORDER GRANTING MOTION FOR LEAVE TO TAKE
THE DEPOSITION OF ROYCE SMITH**

---

**Michael E. Hegarty, United States Magistrate Judge.**

     Before the Court is Plaintiff's Motion for Leave to Take the Deposition of Royce Smith and for Expedited Briefing Schedule [filed December 30, 2010; docket #120]. The motion is referred to this Court for disposition. The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS** Plaintiff's motion.

     Plaintiff asks the Court to permit a fact deposition of a current employee of Defendant, Mr. Royce Smith, for no more than two hours, before the deadline for Plaintiff's initial expert designations. Fact discovery closed on December 17, 2010, thus leave of Court is necessary. Plaintiff avers that Mr. Smith has critical information on a specific issue that recently became evident, namely, "the location at which oxygen was injected during CEMEX's April 1998 Oxygen Enrichment Test." (Docket #121 at 1.) Plaintiff describes how recent deposition testimony by Mr. Kevin Kelley contradicted prior deposition testimony by Mr. Randal Wiley regarding the location at which CEMEX injected oxygen during the April 1998 test; Mr. Kelley said the calciner, and Mr. Wiley said the kiln. (*Id*. at 2, 4-5.) Mr. Kelley additionally identified Royce Smith as the source

of his information.  (*Id*. at 5.)

Plaintiff asserts that it had no reason to depose Mr. Smith before it heard Mr. Kelley's testimony the day before the close of fact discovery, on December 16, 2010.  (*See id*. at 5-6.) Plaintiff contends that determining the disputed location is "significant because from 1997 through 2006 CEMEX almost exclusively injected oxygen into the calciner.  If oxygen was injected into the kiln, then CEMEX never provided CDPHE with any written data on the Facility's emissions which reflected the effect of oxygen enrichment as applied into the calciner." (*Id*. at 3.)  This in turn impacts the "oxygen enrichment on emissions from the Facility's kiln." (*Id*. at 2.)

Defendant CEMEX argues that Plaintiff fails to meet the good cause standard requisite for the reopening of fact discovery.  (Docket #124 at 1.)  Defendant believes Plaintiff knew that Mr. Smith is a fact witness since at least April 2009, and in any event, Defendant attests that it has already produced a 30(b)(6) witness addressing whether oxygen was injected into the kiln or calciner during the April 1998 test.  (*Id*.)  Defendant describes how Mr. John Lohr, on October 11, 2010, testified to his belief that oxygen was injected into the calciner during the April 1998 Test.  (*Id*. at 3.)  Then, Mr. Wiley, on November 10, 2010, testified "unequivocally" that oxygen was injected into the kiln in April 1998.  (*Id*. at 5.)  Thus, Plaintiff had knowledge of the ambiguity giving rise to the motion at hand as early as November 10, 2010, more than one month before the close of fact discovery, yet Plaintiff still did not notice the deposition of Mr. Smith, who had also been identified as a person with knowledge regarding the April 1998 test.  (*Id*.)  Defendant believes this failure demonstrates a lack of diligence, therefore Plaintiff cannot meet the good cause standard needed to reopen fact discovery.

Defendant further contends that Plaintiff already knows what Mr. Smith's testimony will be. (*Id*. at 6.)  Defendant asserts that because Mr. Kelley testified that his knowledge relied on the

knowledge of Mr. Smith, Plaintiff is thus aware of Mr. Smith's knowledge. (*Id*.) Defendant attached an affidavit by Mr. Smith to its response, attesting to Mr. Smith's knowledge that oxygen was injected into the calciner during the April 1998 test. (*Id*. at 7; *see* docket #124-5.) In this affidavit, dated January 14, 2011, Mr. Smith represents that he has "a clear recollection that the only location that oxygen was injected during the April 1998 Test was the calciner . . . the calciner was the only place oxygen could be injected." (Docket #124-5 at 2.)

In reply, Plaintiff describes that although it could have deposed Mr. Smith earlier, "there was no need to do so until Mr. Kelley expressly relied on his interview with Mr. Smith to controvert Ms. Wiley's testimony." (Docket #125 at 2.) Plaintiff believes Mr. Wiley's deposition was the first time on the record that Defendant's position regarding the injection of oxygen during the April 1998 Test was stated. (*Id*. at 1.) Plaintiff asserts that Defendant did not previously identify Mr. Smith as a person with knowledge about the April 1998 Test. (*Id*. at 2.) Regarding Mr. Smith's affidavit, Plaintiff contends that without the requested deposition, it cannot "ascertain the basis of Mr. Smith's current recollection of the conditions under which the April 1998 Test was performed." (*Id*.) Moreover, Plaintiff suggests that the proper standard for the evaluation of its motion is not Rule 16 good cause, but a distinct Tenth Circuit standard for reopening discovery. (*Id*. at 3.) Plaintiff argues that this standard weighs in favor of reopening discovery for the sole purpose of deposing Mr. Smith.

The Court agrees with Plaintiff. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) provides the appropriate standard for the adjudication of Plaintiff's motion. Weighing the six factors set forth in *Smith*, the Court finds that permitting the two-hour deposition of Mr. Smith to clarify the facts surrounding the April 1998 Test is not overly burdensome nor unduly prejudicial for Defendant. The Court does not perceive any bad faith or lack of diligence on part of Plaintiff, and

the Court believes the present schedule allows for this minimal reopening of discovery.[1]

Accordingly, the Court **GRANTS** Plaintiff's motion.  Plaintiff may depose Mr. Smith for no more than two hours regarding only the factual circumstances around the injection of oxygen during the April 1998 Test, to be completed before **February 15, 2011**.

Dated this 27th day of January, 2011, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1]The Court notes its prior order permitting Defendant leave to complete the Rule 30(b)(6) depositions of Emilio Llamozas and Boulder County outside of the fact discovery deadline.  (*See* dockets ##116, 123.)

4