IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00019-MSK-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CEMEX, INC.,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendant CEMEX Inc.'s Motion to Strike New Expert Reports of Plaintiff's Experts Venner and Westlin and Non-Rebuttal Materials Submitted by Plaintiff's Experts Fox and Greer [filed July 12, 2011; docket #136]. The motion is referred to this Court for disposition. (Docket #137.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS IN PART and DENIES IN PART** Defendant's motion.

    Plaintiff submitted its initial expert disclosures on March 1, 2011, and Defendant provided its expert disclosures on May 10, 2011. (Docket #123.) Upon an unopposed motion, the Court granted permission for Plaintiff to issue rebuttal expert reports, due by June 24, 2011. (Dockets ##132, 134.) In the motion at hand, Defendant contends Plaintiff's rebuttal expert reports impermissibly exceed the scope of Defendant's experts' opinions, and therefore should be stricken.

    District courts retain considerable discretion in managing discovery, including the imposition of sanctions. *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320-21 (10th Cir. 2011). "The decision to exclude evidence is a drastic sanction." *Summers v. Missouri Pacific R.R. Sys.*, 132 F.3d 599, 604

(10th Cir. 1997).

This matter, by the parties' own admission and the Court's own observance, is a highly complicated case requiring advanced technological understanding and analysis. The lawsuit involves large amounts of money on both sides, in terms of the relief sought and the expenditures in litigation. Defendant CEMEX was originally unopposed to Plaintiff's submission of rebuttal expert reports, but upon receipt of those reports, appears to have buyer's remorse. However, as pointed out by Plaintiff, there is a difference between the legal standards for the scope of a supplemental expert report as stated by Rule 26(e)(2) and the scope of a rebuttal expert report as prescribed by 26(a)(2)(D)(ii).[1] Review of case law on this point demonstrates that it is permissible to include new experts or new information in a rebuttal report, as long as the purpose of such inclusion is "intended solely to contradict or rebut evidence on the same subject matter identified by another party," as stated plainly in the rule.

That said, the Court is persuaded by Defendant's claim of prejudice, in that it now believes its ability to defend itself against the material raised in the rebuttal expert reports at issue is compromised. In light of the complicated and high-dollar nature of this case, the Court concludes that allowing Defendant to submit limited surrebuttal reports is in the interests of justice and a

---

[1] A rebuttal expert report is one "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii) (2011). Rebuttal expert reports may introduce new methods of analysis, if presented for the purpose of contradicting or rebutting evidence on the same subject matter. *E.g., Deseret Mgmt. Corp. v. United States*, 97 Fed. Cl. 272, 274 (Fed. Cl. 2011) (citations omitted). Moreover, courts have also held that a rebuttal report may consider additional data not utilized in the expert report, again, if related to the same subject matter. *Id.* (citation omitted). A rebuttal expert report may not, however, "extend 'well beyond' the scope of the other party's expert reports." *In re Genetically Modified Rice Litigation*, 2010 WL 4483993, at *3 (citing *Jorgenson Forge Corp. v. Consarc Corp.*, No. C00-1879Z, 2002 WL 34363668, at *1 (W.D. Wash. Jan. 9, 2002)). "A rebuttal expert report is not the proper 'place for presenting new arguments, unless presenting those arguments is substantially justified and causes no prejudice.'" *Ebbert v. Nassau Cnty.*, No. CV 05-5445(FB)(AKT), 2008 WL 4443238, at *13 (E.D.N.Y. Sept. 26, 2008) (citations omitted).

thorough, well-informed adjudication. Similar to a complaint followed by an answer, or a plaintiff's initial expert disclosures followed by a defendant's expert disclosures, Defendant should be able to counter the assertions raised by Plaintiff in a manner preserving its right to prepare an adequate defense.

Considering the scope and gravity of the rebuttal reports, the Court finds that equity dictates cost-sharing of the surrebuttal reports. Plaintiff and Defendant shall split the cost evenly. The Court emphasizes that the surrebuttal reports must conform to the standard governing rebuttal reports.

The Court sets a new schedule as follows. The deadline for completing expert discovery is extended up to and including **October 11, 2011**. The deadline for filing dispositive motions, including any motion to supplement a presently pending dispositive motion, is extended up to and including **November 14, 2011**. The Court notes that the District Court has not set a Rule 16 conference, as "no further final pretrial conference will be scheduled until a determination on the motions for summary judgment are made." (Docket #107.)

SO ORDERED.

Entered and dated this 11th day of August, 2011, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge