**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 09-cv-00019-MSK-MEH

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

CEMEX, INC.,

        Defendant.

---

**DEFENDANT CEMEX, INC.'S REQUEST FOR EXPEDITED GUIDANCE
CONCERNING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE CERTAIN
TESTIMONY OF GERALD L. YOUNG**

---

Defendant CEMEX, Inc. ("CEMEX") hereby submits a preliminary response requesting the Court's guidance on whether CEMEX should file a full response to the United States' Motion in Limine to Exclude Certain Testimony of Gerald L. Young (#187) ("Motion in Limine"). The Motion in Limine seeks to exclude expert opinion evidence under Federal Rule of Evidence 702 ("Rule 702"). This motion violates (1) this Court's deadline for filing Rule 702 motions, which expired almost a year ago on January 30, 2012, (2) this Court's procedures for filing Rule 702 motions, which require those motions be jointly filed and resolved in a hearing with expert witness testimony, and (3) this Court's order deferring such hearings on the parties' existing joint Rule 702 motions until trial (#182). Accordingly, CEMEX respectfully requests guidance on whether it should fully respond to the Motion in Limine in writing at this time, or instead present its arguments at trial with live expert witnesses as this Court requested in its previous order.

## I. Background

In compliance with this Court's Procedures for Rule 702 Motions and this Court's order extending the motions deadline (#167), CEMEX and the United States filed two joint motions under Rule 702 regarding the opinions of each parties' experts on January 30, 2012. (#176, 177). The Court set an evidentiary Rule 702 hearing for October 25, 2012 (#181). The Court subsequently vacated the scheduled evidentiary hearing because "[i]n the absence of a jury and for the convenience of the parties and witnesses, Rule 702 matters can be addressed at the time of trial." (#182)

On January 4, 2013, the United States filed the instant Motion in Limine which seeks to exclude under Rule 702 certain testimony of CEMEX's expert, Gerald L. Young. The Motion in Limine partially repeats and expands on objections previously raised in the parties' timely-filed joint Rule 702 motion regarding CEMEX's experts. *See* #176 ("Joint Motion"). In the Joint Motion, the United States sought a determination that three of Mr. Young's Opinions, identified as Opinion 1, Opinion 2, and Opinion 3, and twelve of Mr. John E. Hofmann's opinions were inadmissible under Rule 702. *Id.* In the Motion in Limine, the United States again seeks to exclude under Rule 702 Mr. Young's Opinions 1 and 3, but does not address Opinion 2 or any of Mr. Hofmann's opinions.

## II. Argument

By submitting a motion in limine premised on Rule 702 the United States appears to violate this Court's rules and orders, which establish a clear procedure for filing Rule 702 motions, and consequently disrupts the well-ordered proceedings of this case.

*First*, the United States' motion is untimely. This Court's Trial Preparation Order – Civil (#25) established that "[t]he deadline for filing Rule 702 motions shall be the same as that for filing of dispositive motions." Trial Preparation Order –Civil, Part B; *see also* MSK Civ. Practice Standards IV.G.1 ("Fed. R. Evid. 702 motions must be made by the deadline specified in the Trial Preparation Order –Civil . . . ."). Magistrate Judge Hegarty extended the deadline for

Rule 702 motions in this case to January 30, 2012.  (#167)  Thus, the instant motion is nearly a full year late.

*Second,* the United States' unilateral, and piecemeal, Motion in Limine violates this Court's Procedures for Rule 702 Motions.  Those Procedures require that (1) the parties jointly confer, (2) the parties *jointly file*, and (3) the parties identify *each* challenged opinion.  United States District Judge Marcia S. Krieger, Procedures for Rule 702 Motions ("Procedures for Rule 702 Motions"), Section A(i), (iv); *see also* MSK Civ. Practice Standards IV.G.1 ("Fed. R. Evid. 702 motions must be made . . . in compliance with the format set forth in Judge Krieger's Procedures for Rule 702 Motions . . . .").  The Motion in Limine, however, is not a joint motion and in fact is partially repetitive of one of the joint motions already filed in this matter.

Moreover, the Motion in Limine does not seek the exclusion of Mr. Young's Opinion 2, or any of Mr. Hofmann's opinions.  Thus, ruling on the United States' motion will not resolve the Rule 702 issues before this court, or even the Rule 702 challenges to a single expert, Mr. Young.  This discrepancy between the joint Rule 702 Motion and the instant Motion in Limine underscores the disruption and inefficiencies caused by Rule 702 Motions that are not "properly-presented."  *See* Procedures for Rule 702 Motions, Section A.

*Third*, this Court's rules and orders demonstrate this Court's intent to address and resolve Rule 702 motions pursuant to an evidentiary hearing where the Court can examine the parties' experts.  *See* Procedures for Rule 702 Motions, Section A ("Upon receipt of a properly-presented joint Rule 702 motion, the Court will set an evidentiary hearing to address the objections."). In particular, this Court specifically instructed that for this case, "Rule 702 matters can be addressed at the time of trial."  Order Vacating Hearings on Joint 702 Motions (#182).  The United States' motion raises the question of whether, despite the Court's order, CEMEX, and the United States, must file additional motions in limine to preserve and advance the other numerous expert challenges raised in the previously-filed joint Rule 702 motions.  Such motions practice will

unnecessarily burden CEMEX during its already intense pretrial preparations, and also burden this Court with duplicative pleadings and arguments.

For the reasons stated above, CEMEX believes that the United States' Motion in Limine violates this Court's rules and orders and that no substantive written response should be required. Accordingly, CEMEX requests the Court's guidance as to whether CEMEX should fully respond to the Motion in Limine in writing at this time or defer these issues until trial along with all of the other Rule 702 challenges as previously directed by this Court.

Dated:  January 14, 2013                                    Respectfully submitted,

By:  /s/ *Chet M. Thompson*
Chet M. Thompson
Crowell & Moring LLP
1001 Pennsylvania Ave., NW
Washington, DC  20004
Telephone:  (202) 624-2655
Facsimile:  (202) 628-5116
E-mail:  cthompson@crowell.com
Attorney for Defendant CEMEX, Inc.

## **CERTIFICATE OF SERVICE**

 I hereby certify that on January 14, 2013, true and correct copies of the foregoing DEFENDANT CEMEX, INC.'S REQUEST FOR EXPEDITED GUIDANCE CONCERNING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONY OF GERALD L. YOUNG was served electronically upon the following persons:

John N. Moscato
John.Moscato@usdoj.gov, efile_ees.enrd@usdoj.gov, jason.obold@usdoj.gov, Katherine.Tribbett@usdoj.gov

James D. Freeman
james.freeman2@usdoj.gov

Leigh Rende
leigh.rende@usdoj.gov

Linda S. Kato
kato.linda@epa.gov

Chet M. Thompson
cthompson@crowell.com

Richard E. Schwartz
rschwartz@crowell.com

David Patrick Ross
dross@crowell.com

Derek A. Hahn
dhahn@crowell.com, csolorio@crowell.com

Hugh Q. Gottschalk
gottschalk@wtolaw.com, hart@wtolaw.com, gottesfeld@wtolaw.com

Jessica Goneau Scott
scott@wtotrial.com, farina@wtotrial.com


                */s/ Chet M. Thompson*
                Chet M. Thompson
                Crowell & Moring LLP
                1001 Pennsylvania Ave., NW
                Washington, DC 20004
                Telephone: (202) 624-2655
                Facsimile: (202) 628-5116
                E-mail: cthompson@crowell.com

                *Attorney for Defendant CEMEX, Inc.*