IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00019-MSK-MEH

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

CEMEX, INC.,

        Defendant.

---

**MOTION FOR EXTENSION OF TIME TO RESPOND TO UNITED STATES' MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONY OF JOHN E. HOFMANN PURSUANT TO FEDERAL RULE OF EVIDENCE 402**

---

      Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and D.C.COLO.LCivR 6.1(C) and (D), Defendant CEMEX, Inc. ("CEMEX") respectfully moves this Court for a two-week extension of time to respond to Plaintiff United States' ("Plaintiff") Motion in Limine to Exclude Certain Testimony of John E. Hofmann Pursuant to Federal Rule of Evidence 402 ("Motion in Limine") (#193).

**I.    <u>INTRODUCTION</u>**

      The parties are currently working to prepare a Joint Proposed Final Pretrial Order in this matter that must be filed with this Court by February 26, 2013.  The Plaintiff filed its Motion in Limine on February 1, 2013, such that CEMEX's response is currently due by February 25, 2013 (one day before the Joint Proposed Final Pretrial Order must be filed), and Plaintiff's reply is due

March 14, 2013 (nine days after the Final Pretrial Conference on March 5, 2013).  Fed. R. Civ.

P. 6; D.C.COLO.LCivR. 7.1(C).  Even absent an extension, briefing on the Motion in Limine

will not be completed until after the Final Pretrial Conference.

If this request for extension is granted, CEMEX's response will be due on March 11,

2013, and Plaintiff's reply will be due on March 28, 2013.  No prior motions for an extension of

time have been made or granted on this issue.

In accordance with D.C.COLO.LCivR 7.1(A), counsel for CEMEX conferred with

Plaintiff's counsel regarding the relief set out in this motion.  Plaintiff takes no position on the

two-week extension requested herein.

A copy of this motion was served simultaneously on CEMEX pursuant to

D.C.COLO.LCivR. 6.1(E).

## II.   **ARGUMENT**

This Court may extend the twenty-one day period for CEMEX to file its response for

good cause.  Fed. R. Civ. P. 6(b)(1)(A); D.C.COLO.LCivR 6.1(C), (D); MSK Civ. Practice

Standard II.G.  Good cause exists to grant this motion because of the extent of the legal issues

raised by the Plaintiff's Motion, the interference with ongoing pretrial order preparations, and

even under the current schedule briefing will not be completed until after the Final Pretrial

Conference.

The Plaintiff's Motion in Limine raises two important legal questions implicating not just

the expert testimony directly at issue, but also the parties' ultimate theories of liability in this

case: (1) the role of causation under the Clean Air Act, and (2) whether this Court should apply a

"reasonable operator" standard.  These questions address not only what elements and facts

Plaintiff must prove, but also the standard for liability that this Court must apply.  To fully respond to the Motion in Limine, CEMEX must discuss the Clean Air Act's statutory language and implementing regulations, and both federal agency and court interpretations of the statute and regulations.  Given the importance and extent of these legal issues, CEMEX's response will require significant time and attention.

Moreover, CEMEX's response is currently due just one day before the parties' deadline to submit a Joint Proposed Final Pretrial Order (due February 26, 2013).  *See* Court's Order Setting Final Pretrial Conference (#185).  Both parties are currently engaged in extensive pretrial preparations, including joint negotiations concerning stipulations, exhibits, and witnesses.  The proper preparation of the Proposed Final Pretrial Order is important to both parties and to the Court to facilitate a well-ordered Pretrial Conference and Trial.  But because of the scope of the issues raised in the Motion in Limine, and the close proximity of the two deadlines, CEMEX will be required to divert significant resources from its pretrial preparations, including its coordination with the Plaintiff.  An extension will allow CEMEX to both fully participate in the development of the Proposed Final Pretrial Order and properly respond to the Motion.

Finally, even under the current schedule, briefing on this motion will not be completed until March 14, nine days after the Final Pretrial Conference.  Thus, an extension will not affect the timing of scheduled proceedings in this matter.

For the reasons discussed herein, CEMEX respectfully requests a two-week extension of time to respond, from February 25, 2013, up to and including March 11, 2013.

DATED: February 8, 2013          Respectfully submitted,

*/s/ Chet M. Thompson*
Chet M. Thompson
Richard E. Schwartz
David P. Ross
Derek A. Hahn
Crowell & Moring LLP
1001 Pennsylvania Ave., NW
Washington, DC  20004
Telephone:  (202) 624-2655
Facsimile:  (202) 628-5116
E-mail:  cthompson@crowell.com
Attorney for Defendant CEMEX, Inc.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 8, 2013, I electronically served the foregoing **MOTION FOR EXTENSION OF TIME TO RESPOND TO UNITED STATES' MOTION IN LIMINE TO EXCLUDE CERTAIN TESTIMONY OF JOHN E. HOFMANN PURSUANT TO FEDERAL RULE OF EVIDENCE 402** was served electronically upon the following individuals:

- **James D. Freeman**
  james.freeman2@usdoj.gov
- **Hugh Q. Gottschalk**
  gottschalk@wtotrial.com,hart@wtotrial.com,gottesfeld@wtotrial.com
- **Derek A. Hahn**
  dhahn@crowell.com,csolorio@crowell.com
- **Linda S. Kato**
  kato.linda@epa.gov
- **John N. Moscato**
  John.Moscato@usdoj.gov,efile_ees.enrd@usdoj.gov,Katherine.Tribbett@usdoj.gov,jason.obold@usdoj.gov
- **Leigh P. Rende**
  leigh.rende@usdoj.gov
- **David Patrick Ross**
  dross@crowell.com
- **Richard E. Schwartz**
  rschwartz@crowell.com
- **Jessica Goneau Scott**
  scott@wtotrial.com,farina@wtotrial.com
- **Chet M. Thompson**
  cthompson@crowell.com

*/s/ Chet M. Thompson by Janean Hart*

Chet M. Thompson
Crowell & Moring LLP
1001 Pennsylvania Ave., NW
Washington, DC  20004
Telephone:  (202) 624-2655
Facsimile:  (202) 628-5116
E-mail:  cthompson@crowell.com

*Attorney for Defendant CEMEX, Inc.*